**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

ALLEN EDWARD STEWART,
  *Defendant-Appellant.*

No. 01-4737

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-01-144-A)

Submitted: July 3, 2002

Decided: August 15, 2002

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Jeffrey D. Zimmerman, LAW OFFICE OF JEFFREY D. ZIMMER-
MAN, Alexandria, Virginia, for Appellant. Paul J. McNulty, United
States Attorney, Patricia M. Haynes, Assistant United States Attor-
ney, Morris R. Parker, Jr., Assistant United States Attorney, Alexan-
dria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Allen Edward Stewart appeals his conviction for carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West 1999). Stewart entered a conditional plea, reserving the right to appeal the district court's denial of his motion to suppress evidence. Stewart claimed the seized evidence should have been suppressed because: (1) the initial seizure was without reasonable suspicion; (2) the pat-down search was not supported by facts supporting the belief that he was armed and presented a danger to the police officers; (3) the arrest was without probable cause; and (4) the inventory search of the car was improper. Finding no reversible error, we affirm.

A traffic stop of a vehicle constitutes a seizure within the meaning of the Fourth Amendment and is permissible if the officer has probable cause to believe a traffic violation has occurred, *Whren v. United States*, 517 U.S. 806, 809-10 (1996), or a reasonable suspicion of unlawful conduct. *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968); *United States v. Rusher*, 966 F.2d 868, 875 (4th Cir. 1992). Accordingly, when an officer observes even a minor traffic offense, a stop of the vehicle is constitutionally permissible. *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993). Here, we find that the Fairfax County police officer had reasonable suspicion to believe that Stewart's car violated Virginia's law prohibiting the tinting of automobile windows. Thus, the police officer did not offend the Fourth Amendment by parking in front of Stewart's car and preventing him from leaving the parking space.

A police officer "may conduct a protective search aimed at uncovering concealed weapons after making a proper traffic stop if the officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those

facts, reasonably warrant the officer in believing that the suspect is dangerous." *United States v. Baker*, 78 F.3d 135, 137 (4th Cir. 1996) (internal quotation marks omitted). We find that the police officer had sufficient information and articulable facts warranting him to believe Stewart may be armed. Thus, the limited pat-down search was not improper.

In determining whether probable cause existed for Stewart's arrest, the Court must look at the totality of circumstances surrounding the arrest. *Illinois v. Gates*, 462 U.S. 213, 230-32 (1983). Probable cause exists when the facts and circumstances within an officer's knowledge, and of which they had reasonably trustworthy information, are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (alteration added); *see also United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir. 1984). Furthermore, probable cause requires more than "bare suspicion" but less than evidence necessary to convict. *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998). "[P]robable cause is a fluid concept — turning on the assessment of probabilities in particular factual contexts — not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). We find there was probable cause to arrest Stewart.

Finally, we find the inventory search was valid. *United States v. Brown*, 787 F.2d 929, 931-32 (4th Cir. 1986). Thus, the district court did not err by denying Stewart's motion to suppress evidence.

We affirm the conviction and sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*